**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| CRAIG ALFORD, | Civil Action No. 17-6103 (RMB) |
| Petitioner, | |
| v. | **OPINION** |
| KAREN TAYLOR, *et al.*, | |
| Respondents. | |

**BUMB, United States District Judge**

On August 14, 2017, Petitioner Craig Alford filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Pet., ECF No. 1.) He alleged that the New Jersey Parole Board violated his right to due process after his arrest for parole violations on June 18, 2017. (Id.) Petitioner further claimed that his sentence "maxed out" on January 10, 2015. (Id.)[1] This Court ordered Respondents to file an answer to the petition (Order, ECF No. 3), and subsequently

---

[1] Petitioner also raised a claim of denial of access to the courts, based on his submission of a writ of habeas corpus to the Camden County Superior Court, Appellate Division. (Pet., Ground Two.) Petitioner alleged the Camden County Court sent his motion "to unknown sources" in Trenton, New Jersey. (Id.) Assuming a federal writ of habeas corpus is the proper vehicle for bringing such a claim, Petitioner has not shown that he was denied access to the courts because he has presented his claims in this petition and in the New Jersey Superior Court Appellate Division. See infra Section II.B.

granted Respondents' request for an extension to time to file an answer. (Order, ECF No. 10.)

Subsequent to filing the petition, Petitioner submitted a series of letters to the Court. On September 1, 2017, Petitioner requested an emergent hearing, challenging his confinement because the New Jersey Parole Board: (1) did not provide him with a preliminary hearing within fourteen days; (2) failed to give him a revocation notice in 60 days; (3) denied him appointment of counsel in the revocation proceeding; and (4) because his sentence "maxed-out" on January 10, 2015. (Letter, ECF No. 2.)

Petitioner submitted a second letter on September 13, 2017, repeating his due process claims and asserting that he exhausted his state court remedies. (Letter, ECF No. 3.) In a third letter, received by the Court on September 18, 2017, Petitioner sought to certify, pursuant to 28 U.S.C. § 2403(b), his challenge to the constitutionality of N.J.A.C. 10A:71-7.5[2] and N.J.S.A. 30:4-

---

[2] N.J.A.C. 10A:71-7.5, an administrative regulation governing revocation of parole, provides:

(a) The preliminary hearing shall be conducted within 14 days of the parolee's return to custody as a parole violator, unless the hearing officer, the parole officer or the parolee requests a postponement of such hearing.

(b) A preliminary hearing may be conducted by videoconferencing.

(c) If the parolee requests a postponement of the preliminary hearing, such postponement shall be granted by the hearing officer for good cause. Such request shall be made in writing and the hearing officer shall record such request and the determination of

2

123.62.[3] (ECF No. 5.) It appears, however, that Petitioner is not challenging the constitutionality of the New Jersey regulation and statute, but arguing that Respondents violated those laws by not providing him with a preliminary hearing within fourteen days of his arrest, not providing him notice of a revocation hearing within sixty days, and not appointing counsel. (Id.)

On September 25, 2017, and October 11, 2017, the Court received letters from Petitioner alleging that his untimely probable cause hearing violated his due process rights. (Letters, ECF Nos. 7, 8.) In a letter received by the Court on November 3, 2017, Petitioner purported to add a new ground for relief to his habeas petition, objecting to the probable cause hearing that was held by a panel of the New Jersey Parole Board on October 3, 2017, and continued to October 25, 2017. (Letter, ECF No. 11.)

---

the hearing officer in the parolee's case record.

(d) If the hearing officer or the parole officer requests a postponement of the preliminary hearing, such postponement, if granted, shall not exceed 14 days from the original deadline determined pursuant to (a) above.

(e) If the request for postponement by the hearing officer, or the parole officer is due to unanticipated scheduling problems or other emergent circumstances, such request shall be granted by the appropriate Board panel.

[3] N.J.S.A. 30:4-123.62 governs parole or discharge "conditions for issuance of warrant for return to custody; apprehension; detention; preliminary hearing; written notice; order; detention or release pending action by panel."

Respondents filed an Answer to the petition on November 13, 2017, opposing habeas relief because Petitioner did not exhaust his state court remedies and on the merits of the claims. (Answer, ECF No. 12.) On November 27, 2017, Petitioner filed a copy of a document entitled "Objections/Exceptions to Hearing Summary By Carla M. Shabazz," which he had sent to the New Jersey State Parole Board Panel after receiving its decision on November 16, 2017. (Letter, ECF No. 14.) Petitioner filed his reply to Respondent's Answer on November 29, 2017. (Reply, ECF No. 15.) On December 1, 2017, Petitioner sent the Court a letter complaining that Respondents had not submitted the full state court record with their Answer. (Letter, ECF No. 17.)[4]

On December 7, 2017, this Court denied Petitioner's motion to consolidate Civil Actions 17-5611(RMB) and 17-6103(RMB), and dismissed Civil Action 17-5611(RMB) because it was duplicative of the present action. (Order, ECF No. 16.) The next day, Petitioner filed two motions, Motion for a Writ of Mandamus (ECF No. 20), and Motion for an Emergent Hearing. (ECF No. 21.) Several days later,

---

[4] The Court notes that Respondents are required only to serve "parts of the transcript that the respondent considers relevant." Rules Governing Section 2254 Cases in the in the United States District Courts, Rule 5(c). Additionally, because Petitioner is challenging his parole revocation proceedings, Rule 5(d) is inapplicable because Petitioner is not challenging his underlying conviction or sentence or an adverse judgment or order in a post-conviction proceeding.

4

Petitioner filed a Motion for Constitutional Challenge. (ECF No. 19.)

On January 2, 2018, the Court received two letters from Petitioner, the first letter requesting discovery of state court records to prove that his sentence maxed-out on January 10, 2015. (Letter, ECF No. 23.) In the second letter, Petitioner alleged that he had been improperly moved to Mercer County Jail. (Letter, ECF No. 24.) Petitioner also cited cases in support of his argument that he was not required to exhaust state court remedies. (Id.) Respondents filed a brief in opposition to Petitioner's pending motions on January 2, 2018. ("Respt's Opp. Brief"). The Petition, the Answer, the Reply, and the pending motions and brief in opposition to those motions are now before the Court.

I. BACKGROUND

On June 18, 2017, Petitioner was arrested while on parole in New Jersey. (Answer, Ex. F, ECF No. 12-7.) Respondents submitted a Notice of Probable Cause Hearing, dated June 26, 2017, which Respondents alleged was served on Petitioner that same day. (Id., Ex. G, ECF No. 12-8.) The probable cause hearing occurred on October 3, 2017 and October 25, 2017. (Id., Ex. Q, Notice of Decision, Probable Cause Hearing, ECF No. 12-19.)

Respondents also denied that they prevented Petitioner from seeking appointment of counsel. (Answer, ¶12D.) Nancianne M. Adyelotte, Esq. was appointed to represent Petitioner, and she

participated in the probable cause hearing. (Id., Ex. Q, Notice of Decision, Probable Cause Hearing, ECF No. 12-19.)

Respondents argued that Petitioner did not challenge his detention and parole revocation process in the Supreme Court of New Jersey before bringing his federal habeas petition. (Answer, ECF No. 12, ¶13.) Thus, Respondents submitted that Petitioner failed to exhaust his state court remedies, as required by 28 U.S.C. § 2254(b)(1)(A).

In reply, Petitioner claimed that Respondents failed to provide all of the state court records, which Petitioner contended would prove that his sentence "maxed-out" on January 1, 2015. (Reply, ECF No. 15 at 7-8.) Next, Petitioner alleged Respondents failed to explain why it took 105 days to start his probable cause hearing, and 125 days to complete it. (Id. at 9.) Petitioner also contested that he was served notice on June 26, 2017, and asserted that he was not served with notice until July 20, 2017, which was beyond the 14-day period provided by law. (Id.) He seeks habeas relief because his probable cause hearing was untimely. (Id. at 9-10.)

As to Petitioner's allegation that he was denied counsel for his parole revocation proceedings, he argued that he was not provided counsel until August 15, 2017, after Respondents violated his due process rights. (Reply, ECF No. 15 at 11.) In response to Respondents' allegation that Petitioner did not seek relief in the

New Jersey Supreme Court, Petitioner argued that he was not required to do so because "the Supreme Court would bring him no relief." (Id. at 11-12; see also Letter, ECF No. 24.)

II. DISCUSSON

    A.   <u>Exhaustion</u>

An application for habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State..." 28 U.S.C. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a petitioner must show that the claim was presented to the state courts, including the highest court of the state, or that no such state remedy is available at the time of the filing of the petition. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999). The petitioner has the burden to demonstrate exhaustion. <u>Landano v. Rafferty</u>, 897 F.2d 661, 668 (3d Cir. 1990), <u>cert. denied</u>, 498 U.S. 811 (1990).

New Jersey law provides an absolute right to appeal any action or decision of a State administrative agency to the Superior Court, Appellate Division. New Jersey Court Rule 2:2-3(a)(2); <u>Trantino v. N.J. State Parole Bd.</u>, 166 N.J. 113, 172 (2001), <u>modified on other grounds</u>, 167 N.J. 619 (2001). The right to appeal extends to inaction by a State administrative agency, including the New Jersey State Parole Board. <u>Trantino v. N.J. State Parole Bd.</u>, 296 N.J. Super. 437, 459-460, (App. Div. 1997), <u>modified on other grounds</u>, 154 N.J. 190 (1998).

B.  Analysis

Petitioner's due process claims of untimely notice, untimely appointment of counsel, and untimely probable cause hearing can be appealed to the New Jersey Superior Court, Appellate Division as a challenge to inaction by the New Jersey State Parole Board. See e.g. Dougherty v. New Jersey State Parole Bd., 325 N.J. Super. 549, 555 (App. Div. 1999) (holding failure to conduct timely hearing does not entitle a prisoner to automatic release); Alford v. Ellis, Civ. No. 15-3783 (PGS), 2015 WL 4561281 (D.N.J. July 28, 2015) (finding petitioner failed to exhaust New Jersey remedies to challenge decision of Parole Board). Petitioner must also exhaust his state remedies for his due process claim that his sentence "maxed-out" on January 1, 2015. See e.g. George v. Kerestes, Civ. Action No. 3:11-CV-848, 2012 WL 1942073 (M.D. Pa. May 29, 2012) (finding habeas claim that Parole Board miscalculated maximum expiration date was procedurally defaulted in state court).

In August 2017, Petitioner attempted to file an appeal in the Appellate Division, naming the Parole Board as a respondent. (Answer, Ex. O, ECF No. 12-16, 12-17.) Petitioner, however, failed to comply with the court's substantive and procedural requirements for filing an appeal. (Id., Ex. P., ECF No. 12-18.) The Appellate Division instructed Petitioner that he could file a motion to file the appeal as within time, and it forwarded a form motion to him.

(Id.) Therefore, he cannot show that no state remedy is available to him.

Petitioner acknowledged that he has not exhausted his state remedies, but he asserted he is not required to do so because the New Jersey Supreme Court will not grant relief. Petitioner cited Barnes v. Wenerowicz, 280 F.R.D. 206, 207–17 (E.D. Pa. 2012) and DeFoy v. McCullough, 393 F.3d 439, 440–49 (3d Cir. 2005).

Barnes and Defoy are distinguishable because, unlike New Jersey, there is no appellate review for discretionary Parole Board decisions in Pennsylvania. See Barnes, 280 F.R.D. at 216 (quoting DeFoy, 393 F.3d at 443-45)("noting 'a hesitance on the part of the Pennsylvania Supreme Court to permit a writ of mandamus to review the denial of parole'"); Coady v. Vaughn, 770 A.2d 287, 290 (Pa. 2001) ("'mandamus will not lie where the substance of the board's discretionary action is the subject of the challenge'"); Rogers v. Pa. Bd. of Prob. & Parole, 724 A.2d 319, 322 (Pa. 1999) ("state courts 'do not have statutory jurisdiction to conduct appellate review' of a Board decision"); Weaver v. Pa. Bd. of Prob. & Parole, 688 A.2d 766, 774–77 (Pa.Commw.Ct. 1997) (en banc) ("state courts cannot entertain appeals, requests for mandamus, or habeas petitions challenging parole denials by the Board.") In New Jersey, where Petitioner's claims arose, there is no such hurdle to appellate review in the Appellate Division or the New Jersey Supreme Court. See e.g. Jamogchian v. New Jersey State Parole Bd.,

9

196 N.J. 222 (2008) (holding that a community-supervised-for-life offender must be afforded due process of law before the Parole Board can impose a curfew confining the offender to his home); Acoli v. New Jersey State Parole Board, 224 N.J. 213 (2016) (reversing the Appellate Division's construction of a statute requiring a full Board hearing); J.B. v. New Jersey State Parole Board, 229 N.J. 21 (2017) (holding that Parole Board's regulations must be supplemented to buttress parolee's Fifth Amendment right against self-incrimination under polygraph testing.) Therefore, Petitioner failed to exhaust available state remedies before filing the instant habeas petition.

III. PENDING MOTIONS

Petitioner prematurely sought federal habeas review before exhausting his state remedies, and his petition is dismissed without prejudice in the accompanying Order. Therefore, his pending motions are moot. See e.g. Bartholowmew v. Ricci, Civ. Action No. 10-3666(FLW), 2011 WL 5869595 (D.N.J. Nov. 21, 2011) (dismissing habeas petition as time-barred and dismissing pending motions as moot).

IV. CERTIFICATE OF APPEALABILITY

This Court must determine whether Petitioner is entitled to a certificate of appealability in this matter. See Third Circuit Local Appellate Rule 22. The Court must issue a certificate of appealability if the petitioner "has made a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner makes such a showing if "reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack v. McDaniel, 529 U.S. 473 (2000) (quoting Estelle v. Barefoot, 463 U.S. 880, 893, n.4 (1983)). Reasonable jurists would not debate the propriety of dismissing the habeas petition without prejudice based on Petitioner's failure to exhaust state court remedies.

V. CONCLUSION

For the reasons discussed above, the Court dismisses the § 2254 habeas petition because the claims in the petition are unexhausted.

An appropriate Order follows.

                                       s/Renée Marie Bumb
                                       **RENÉE MARIE BUMB**
                                       **United States District Judge**

Dated: January 31, 2018